IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT TURNER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-05-1878 |
| LEHRMAN DOTSUN, *et al.* | : | |
| Defendants | : | |

o0o

## MEMORANDUM OPINION

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 10. Plaintiff has filed a Response in Opposition to the motion, and the matter is now ripe for this Court's review. Paper No. 13. A hearing in this matter is unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff alleges in his July 8, 2005 Complaint that on March 24, 2005, another inmate at Maryland Correctional Adjustment Center (MCAC), Warren Griffin, threw feces on him while he was on the tier for recreation. Paper No. 1 at p. 4. He claims that the assault was witnessed by correctional staff, but nothing was done to intervene on his behalf. *Id*. He further claims that the inmate who assaulted him was never issued a notice of infraction and that he was not given an opportunity to take a shower after he was assaulted. *Id*. In addition, Plaintiff states that he was not moved from the housing unit where he was assaulted until he resorted to cutting himself. *Id*. at p.5. He explains that he was moved after receiving stitches and was provided assurances that his assailant would be punished. *Id*. He asserts, however, that Griffin was never punished as promised.

*Id*.  Plaintiff seeks $250,000 in damages for "deliberate indifference and reckless endangerment". *Id*. at p. 4.

Defendants admit that Plaintiff was assaulted by Griffin.  Paper No. 10 at Ex. 1.  They deny liability for the assault, however, and argue that: (1) a negligent failure to protect an inmate is not a basis for a constitutional claim; and (2) Plaintiff has no constitutional right to expect the punishment of another inmate.  *Id*. at pp. 7 and 13.  In addition, Defendants claim that no cause of action is stated against the supervisory officials named.  *Id*. at p. 7.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  Nonetheless, a party who

bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256. Inasmuch as Defendants' motion relied on matters outside the scope of the pleadings, it shall be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

**Analysis**

In order to prevail on a claim that prison officials failed to protect him from a violent assault, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339–40 (4th Cir. 1997).

The reports written after the incident between Plaintiff and Griffin establish that the assault occurred when Plaintiff approached Griffin's cell. Paper No. 10 at Ex. 1. Plaintiff had been released

3

from his cell on the first floor tier for recreation. *Id*. Although he was not permitted to go to the second floor tier where Griffin was housed, he was able to go there because a door was left unlocked by correctional officers assigned to the area.[1] *Id*. at p. 12. For that failure, a recommendation for a reprimand of the officers involved[2] was made; there is no evidence, however, that the reprimand took place. *Id*. at p. 4. The parties dispute whether Plaintiff told correctional officers who assaulted him, but it appears that the identity of Plaintiff's assailant was easily discovered upon investigation of the incident. *Id*. at pp.3–5; 8, and 11.

Plaintiff's allegation that correctional officers were responsible for the assault due to the failure to lock the door leading to the second floor tier requires this Court to ignore Plaintiff's voluntary decision to go to an area where he was not permitted, in violation of prison rules. There is no allegation that any prison official encouraged, arranged, or otherwise facilitated Griffin's assault on Plaintiff. In addition, there is no allegation that Griffin presented a known risk of harm to Plaintiff which was ignored by officials. Neglecting to lock a door, without more, is not enough to establish a callous disregard for a known risk of harm to Plaintiff's safety. Furthermore, the negligent conduct of Defendants' subordinate employee is insufficient to impose liability. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in civil rights claims filed under 42 U.S.C. § 1983. *See Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).

The alleged failure to remove Plaintiff from the housing unit following the incident also fails

---

[1] For security purposes, Plaintiff is required to remain in three point restraints while participating in inside recreation; he does not, however, allege that the restraints contributed to the assault or any subsequent injury. Paper No. 10 at Ex. 1, pp.12– 13; Paper No. 1 at pp. 4– 5.

[2] Corporal D. Green admitted in his report of the incident that he forgot to lock the door leading to the second tier. Paper No. 10 at Ex. 1, p. 12. Green is not a defendant in this case.

to establish a basis for an Eighth Amendment claim.  Plaintiff admits that he was moved to another area of the prison on the following day.  Although he is alleging that he was forced to take drastic measures to facilitate a move to another cell, there is no evidence that Defendants knew or should have known that Plaintiff required a new cell assignment at the time of the incident.

Defendants' failure to punish Griffin for assaulting Plaintiff does not state a constitutional claim.  First, Plaintiff has no constitutional right to insist upon the prosecution of his assailant.  *See Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir.1988) (no constitutional right to insist upon criminal prosecution).  Second, Plaintiff has failed to allege any injury occurring to him as a result of the failure to prosecute Griffin.  *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (personal injury fairly traceable to the defendant's allegedly unlawful conduct likely to be redressed by requested relief required to show standing).

Finally Plaintiff's allegation that he was not provided an opportunity to shower after the assault does not state an Eighth Amendment claim.  In order to state a claim, there must be evidence of a "deprivation of a basic human need [which] was objectively sufficiently serious,  and that subjectively the officials acted with a sufficiently culpable state of mind." *Strickler v. Waters*, 989 F. 2d 1375, 1379 (4th Cir. 1993); *see e.g., Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (holding that denial of shower for three days to prisoner on whom feces had been thrown did not violate Eighth Amendment in light of availability of water and other cleaning supplies). Aside from his failure to allege deprivation of a basic human need, Plaintiff provides very little information concerning this allegation.  He does not specify how long he was allegedly forced to forego a shower, nor does he allege that a shower would have been the only means by which he could have cleaned himself.

In light of the evidence submitted and the undisputed facts of the case, this Court concludes that Defendants are entitled to summary judgment on all claims raised in the Complaint. A separate Order follows.

Dated:  December 8, 2005                    /s /
                                            RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE